*In re* SMYLEY'S ESTATE.

*In re* WATERBURY.

(*Supreme Court, General Term, First Department.* June 3, 1892.)

EXECUTORS AND ADMINISTRATORS—RELEASES FROM DISTRIBUTEES.

Where an administrator turned over the balance in his hands to the attorney for the distributees, with directions to hold it in trust for them, but not to pay it to them till they had duly and properly signed a release, they cannot maintain an action against the attorney to recover their respective shares without first tendering the releases, as a compliance with the condition precedent which the administrator had placed on its payment.

Appeal from special term, New York county.

Petition by Catherine R. Smyley and Catherine R. Winter, individually and as administratrix of William H. Smyley, deceased, for an order directing Nelson J. Waterbury, Jr., to pay over certain moneys alleged to be held in his hands as attorney for petitioners. Order granted. Waterbury appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, J.

*Nelson J. Waterbury*, (*D. McCurdy*, of counsel,) for appellant. *W. R. Wilder*, for respondents.

VAN BRUNT, P. J. It is not necessary to state in detail the facts established by the voluminous record presented upon this appeal. We think it to be established that the relation of attorney and client existed between the appellant and the respondents; and the only question which is open for discussion is as to whether, under the circumstances developed, the appellant, who is the attorney for the respondents, should be compelled to pay over the money in his hands, which is claimed by them. It appears that in February, 1868, one Capt. W. H. Smyley, for 20 years American consul to the coast of Patagonia, and United States commercial agent to the Falkland islands, departed this life at Montevideo, in South America, leaving an estate in said Falkland islands. Capt. Smyley left him surviving Catherine R. Winter, his widow, one of the respondents; Catherine R. Smyley, a daughter, the other respondent; William H. Smyley, Jr., a son; and Evelina J. Shuttleworth,— his only heirs at law and next of kin. Letters of administration on the estate were thereafter issued by the surrogate of the county of Queens and state of New York to his widow; and subsequently one George M. Deane was appointed ancillary administrator by the colonial court in the Falkland islands, and pursuant to such letters took possession of the real and personal estate of said deceased. The respondents subsequently retained attorneys to collect from said Deane the amount realized from the estate of said deceased, and finally the appellant was so retained. It is not necessary here to discuss the facts which lead to the conclusion that the relation of attorney and client existed between the appellant and respondents. The said Deane, having made certain remittances on account of the estate, which were duly paid over to the parties interested, came to this country, and while here attempted to make a final settlement with the heirs of Smyley for the moneys of said estate which had been collected by him; the persons interested claim-

ing a larger amount from said Deane than he was willing to pay. Finally, on the 11th of November, 1887, the said Deane mailed to the appellant a draft on London for the sum of £429. 0s. 11d. sterling, being, as stated by him, the balance due the estate of the late W. H. Smyley in the Falkland islands, which amount he directed the appellant to hold in trust for the heirs of such estate, but not to pay it to them until they had duly and properly signed a release. Before the receipt of this letter the respondents brought actions by the service of summons against Mr. Deane for over $40,000 alleged to be due to them from Deane as administrator. Deane subsequently saw the appellant, and retained the firm of which the appellant was a member to defend said actions, authorizing them, as is claimed by the appellant, to defray the expenses of said action out of the draft which had been mailed to them; and the appellant's firm shortly afterwards appeared for said Deane. Frequent demands were made by the respondents upon the appellant for their share of the money which had been placed in the appellant's hands by Deane; but the appellant refused to pay except upon withdrawal of the suits, and the full settlement of the whole controversy between Deane and themselves. Two of the shares (namely, that of Mrs. Shuttleworth and of W. H. Smyley, Jr.) were paid to them upon their execution of releases; and it appears by the letter of the appellant's firm to the respondent Winter, dated January 6, 1888, that the respondent Catherine Smyley had signified her desire to discontinue the action begun by her against Deane, and accept the money held by the appellant, and she is asked whether she, too, wished "to discontinue the action, and accept the money now here in full settlement." This, however, Mrs. Winter appears to have refused, and shortly thereafter Mr. Deane died.

The only question which it is necessary to discuss in the disposition of this appeal is whether the appellant was bound to pay over this money without obtaining the releases which were demanded by Deane as a condition of its payment. It is to be observed that as to two of the shares, upon the receipt of the release, the money was paid, and that there was a refusal upon the part of the respondents to discontinue their actions and accept the money in full settlement, as required by Deane, until after his death; and in fact it does not appear in the record that there ever was any tender of releases or offers to discontinue the actions brought by the respondents against Deane. It is urged upon the part of the respondents that Deane had no right to require the execution of any releases as a condition precedent to the payment and distribution of said fund by the appellant among the heirs. In this proposition we cannot agree with the counsel for the respondents. Deane was not bound to pay this money except as the result of a judicial decree; and, if he chose to pay the same without that formality, he had a right to exact any instrument which he might think necessary for his protection, as a condition of payment. This being his position, he had the right to place the money which he was willing to pay in settlement of the claims made against him, as administrator, in any person's hands, and to restrain the payment of that money until the acceptance of such conditions as he chose to impose; and, if the person receiving the money paid the same over in violation of those conditions, he would make himself liable to Deane for any damage resulting to him by reason of such a breach of trust. Therefore, when Deane placed the fund in the hands of the appellant, with the injunction that the same should not be paid out until releases were executed, the appellant had no right to dispose of the money except in pursuance of the authority conferred upon him by Deane. It appears, as already stated, that to two of the parties who were willing to execute releases, as required by Deane, their shares were paid, but to the respondents, who, as far as this record shows, never offered the required releases, no payment was ever made; and it is to reach this money that this application was made and granted. We think this was clearly erroneous. If the respondents desired the money in question, they were bound to tender the

releases, as a compliance with the condition precedent which Deane had placed upon its payment. It is true that it is claimed by the respondents that they were willing, so sore was their need, to relinquish all their claims against the estate on the receipt of this money, but an examination of the case fails to show any such willingness or offer prior to the death of Deane, or, for that matter, after his death; and the letter of January 6, 1888, shows that no such offer had been made. It is true it would appear from such letter that the respondent Smyley may possibly have been willing to recede from the position taken in order to receive her share of the fund, but no tender of any kind, of either a release or discontinuance, was ever made, even by her. We think, under the circumstances, the court had no power to direct the payment of the money in question. We no not think that in claims of the character developed by the papers in this proceeding the court should attempt to dispose of the rights of parties in this summary manner, and that it is only where a party shows that he has a clear, absolute, unincumbered right to the immediate possession of money received by his attorney on his behalf that such proceedings should be entertained. The order appealed from should therefore be reversed, and motion denied, but without costs, because the point upon which the appeal is decided was not specifically raised either before the referee or in the court below.